**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRAVEEN KHURANA, | No. 12-35587 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00579-BLW |
| v. | |
| NORTH CENTRAL DISTRICT HEALTH DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Praveen Khurana appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of

the inspections of his restaurant and the suspensions of his food license.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument, and denies Khurana's request for oral argument, filed on July 11, 2013.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment on Khurana's claims for tortious interference with a prospective economic advantage because Khurana failed to raise a genuine dispute of material fact as to whether defendants' conduct was wrongful or whether defendants had an improper motive.  *See Syringa Networks, LLC. v. Idaho Dep't of Admin.*, 305 P.3d 499, 508-09 (Idaho 2013) (the elements of a tortious with prospective economic advantage claim); *see also Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 824 P.2d 841, 861 (Idaho 1991) (interference must be "wrongful by some measure beyond the fact of the interference itself") (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Khurana's claims for intentional and negligent infliction of emotional distress, and slander and libel, because Khurana failed to raise a genuine dispute of material fact as to whether defendants were entitled to immunity under Idaho Code § 6-904.  *See* Idaho Code §§ 6-904(1), (3) (in the absence of malice or criminal intent, immunity extends to any claim arising out of "the failure to exercise or perform a discretionary function or duty" and to claims for libel and slander); Idaho Code §§ 6-904B(3-4) (in the absence of malice or criminal intent, immunity extends to claims relating to the

denial or suspension of a license, and the making of an inadequate inspection); *see also Anderson v. City of Pocatello*, 731 P.2d 171, 183 (Idaho 1987) (defining malice under § 6-904 as "the intentional commission of a wrongful or unlawful act, without legal justification or excuse and *with ill will*, whether or not injury was intended").

The district court properly granted summary judgment on Khurana's Fourth Amendment claims, because Khurana failed to raise a genuine dispute as to whether it would have been clear to reasonable inspectors that a warrantless search was unlawful, given prior written consent to unannounced inspections, and a subsequent verbal revocation of consent. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (explaining two part test for qualified immunity).

The district court properly granted summary judgment on Khurana's due process claims, because Khurana failed to raise a genuine dispute as to whether defendants violated his substantive or procedural due process rights. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (for a substantive due process violation, the conduct at issue must shock the conscience and violate the decencies of civilized conduct); *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (elements of a § 1983 procedural due process claim).

The district court properly granted summary judgment on Khurana's equal

protection claim against Moehrle, because he failed to raise a genuine dispute as to whether he was intentionally treated differently from others similarly situated without a rational basis, or was intentionally discriminated against based on his membership in a protected class. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of equal protection "class of one" claim); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (elements of a § 1983 equal protection claim).

The district court properly granted summary judgment on Khurana's § 1981 claim, because Khurana failed to raise a genuine dispute as to whether defendants discriminated against him on the basis of his race. *See* 42 U.S.C. § 1981; *see also Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 470 F.3d 827, 836-37 (9th Cir. 2006) (en banc) (the purpose of § 1981 was to address racial discrimination).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**